————————O————————

## NO. 4393.

Court of Appeal, Parish of Orleans.

## SOUTHERN JEWELRY AND OPTICAL COMPANY, LTD. VS. CARLETON HUNT.

Issues of fact only are involved herein.

Appeal from the Civil District Court, Division E.

David Blackshear, for Plaintiff and Appellant.

W. S. Benedict and Charles Louque, for Defendant and Appellee.

DUFOUR, J.   This suit is brought by a lessee to recover damages for the lessor's failure to deliver possession of the premises at the appointed time.

The plaintiff, on Aug. 1, 1906, leased for a term of years commencing on Oct. 1, 1906, a building belonging to defendant; and occupied at the time by the Morgan State Bank, which was entitled to the possession thereof until September 30.

The condition of the building was to a certain extent known to all the parties, and on August 29, the plaintiff sent a notice to the defendant to have the floor repaired.  The full nature of the repairs could not then be ascertained, partly because there was carpet on the floor and partly because there was a large bank vault on the premises.

At the argument, and on the briefs, learned discussion was had as to propositions of law, which need not be examined.  Our study of the record discloses that the only point in the case is one of fact: Did the plaintiff waive its demand and concede the time found to be necessary to make the repairs properly?

Boehm, the president, and Jahno, the vice president of the plaintiff company, deny that any extension of time was given to make the repairs.  Sturcke, the carpenter employed by the defendant, says: "On the morning of October 1st when I called to get in the building, the Bank being out, I had my flooring from the Saturday evening previous; I started to pull off the covering on the floor which the bank had left in, and I found that the floor was in pretty bad condition.  Mr. Boehm was standing there at the time, and Mr. Hagsette, the safe man, and both began to complain of the flooring.  Hagsetle said he couldn't roll the safes on it and it all had to come off, and I said to Mr. Boehm, 'the flooring is in pretty bad condition; if you will agree to a few days' delay on that flooring, I will see Mr. Hunt to put an entirely new floor, because I see that it is necessary.'  He said that would be all right."

Sturcke's statement that Boehn agreed to wait for a few days is absolutely corroborated by the two workmen who were with him at the time.  It is evident that our careful brother of the District Court accepted the statements of defendant's wit-

nesses and resolved the conflict of testimony against the plaintff. It is our practice in matters of this kind not to disturb the conclusicns of fact of the District Judge.

There is no force in the claim that the waiver was invalid because not authorized by any resolution of the Board of Directors of the company. This was a mere incident to the lease, which was authorized, and was an act clearly within the power of the executive or administrative agents of the corporation.

The carrying on of business would become impossible were a resolution of a corporate board necessary as to every petty detail, and action would be paralyzed in matters requiring immediate settlement.

We deem it fair to say that the defendant appears to have carried out all his obligations under the lease with perfect good faith and that plaintiff's complaints are unfounded.

Judgment affirmed.

March 23, 1908.

Rehearing refused April 6, 1908.

Writ refused May 13, 1908.